IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FERNANDO REYES-RODRIGUEZ, <br> DHS File Number: 219-701-339, <br><br> *Petitioner*, <br><br> V. <br><br> PAM BONDI, United States Attorney General; <br> KRISTI LYNN NOEM, Secretary of the United States Department of Homeland Security; <br> TODD M. LYONS, Director of United States Immigration and Customs Enforcement; <br> SYLVESTER ORTEGA, Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement; and <br> ROSE THOMPSON, Warden, Karnes County Immigration Processing Center; <br><br> *Respondents*. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. SA-26-CV-00518-FB |

## ORDER DENYING MOTION TO ENFORCE

Before the Court is Petitioner's Emergency Notice of Noncompliance with the Court's February 25, 2026 Order and Motion to Enforce Conditional Writ by Ordering Petitioner's Immediate Release ("motion to enforce") (ECF No. 12), filed by Petitioner Fernando Reyes Rodriguez ("Petitioner") on March 3, 2026. On February 24, 2026, the Court granted in part Petitioner's Petition for Writ of Habeas Corpus ("Order") and ordered Respondents (or the "Government") to either: (1) provide Petitioner with a bond hearing before an immigration judge, at which the Respondents were to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. (ECF No. 9 at page 6). Respondents have now informed the Court that, on March 2, 2026, an immigration judge found that Petitioner is a flight risk and thus denied a bond for Petitioner. Thus, Petitioner remains detained.

Petitioner has filed an emergency motion to enforce, arguing that Respondents failed to comply with the Court's February 24 Order because the immigration judge "shifted the burden relating to flight

risk to Petitioner in violation of the habeas order." (ECF No. 12 at page 2). Petitioner argues the immigration judge incorrectly assessed his flight risk, giving little weight to evidence of his strong community ties and letters of support.

This Court lacks jurisdiction to sit in review of an immigration judge's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678-79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, at the March 2nd bond hearing, the immigration judge heard the evidence and made a factual finding regarding Petitioner's flight risk. "Whether the Court agrees with the [immigration judge's] flight risk determination is of no importance–the Court simply lacks jurisdiction to review such a discretionary finding." *Pineda-Romero v. Olsen*, Cause No. EP-26-CV-257-KC (ECF No. 8 at page 2) (W.D. Tex. Feb. 20, 2026) (citing *Lopez Arevelo*, 801 F. Supp. 3d at 678-79).

IT IS THEREFORE ORDERED that Petitioner's Emergency Notice of Noncompliance with the Court's February 25, 2026 Order and Motion to Enforce Conditional Writ by Ordering Petitioner's Immediate Release ("motion to enforce") (ECF No. 12) is DENIED.

It is so ORDERED.

SIGNED this 5th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE